UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HUGH D. BEECH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:08-CV-269 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Petitioner Hugh Beech filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 Marion County conviction for burglary, for which he was sentenced to eight years imprisonment. In 2004, that conviction was used to support Beech's adjudication as an habitual offender when he pled guilty to charges of burglary, theft, and possession of drug paraphernalia. Beech asserts that the 1995 burglary conviction was entered by a Master Commissioner who lacked jurisdiction to do so, and is therefore invalid and should not be available to support his adjudication as an habitual offender.

The Respondent initially asserted that Beech had not exhausted his state court remedies, as required by 28 U.S.C. 2254(b)(1)(A). On January 9, 2009, this Court concluded that "it appears that proceedings remain before the Court of Appeals of Indiana" pertaining to the conviction Beech challenges, and stayed this case "until the Court of Appeals of Indiana has ruled on the motion to dismiss the . . . appeal there" [DE 14]. The Court lifted the stay after the Petitioner reported that proceedings in the Court of Appeals of Indiana were concluded [DE 24]. The Respondent filed a second response to the order in which he argued that Beech could not attack his 1995 conviction because "United States Supreme Court precedent clearly establishes that federal habeas relief is not

available with respect to the conviction challenged by the instant petition" [DE 35 at 4]. The Petitioner has filed a traverse.

Beech was convicted of the 1995 burglary charge in a bench trial presided over by Master Commissioner Stephanie Roth [DE 35-2 at 2]. His petition for writ of habeas corpus raises one issue:

> Petitioner asserts his restraint is illegal and his remedy is a[n] "immediate discharge" as the Master Commissioner Stephanie Roth lacked jurisdiction over the subject matter to render such a Judgment of Conviction/Sentence and order/sign the Abstract of Judgment under this cause/action . . .

[DE 1 at 2].

The Respondent argues that Beech may not attack his 1995 conviction by means of § 2254 because it is fully expired and is no longer open to direct or collateral attack in its own right. Beech's traverse does not address the specific issue raised by the Respondent. Rather, it goes into detail about the 2004 plea bargain and habitual offender proceedings. On pages 11 through 13 of his traverse, Beech discusses his 1995 conviction, but he addresses the merits of his claim, not the Respondent's argument that he is procedurally precluded from challenging his 1995 conviction.

Federal courts have jurisdiction to hear state prisoner habeas petitions only from persons who are "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (holding that under some circumstances, a prisoner may be considered "in custody" for the purposes of challenging a conviction used to enhance a conviction on which he is currently serving a sentence).

> *Maleng* holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" on sentence A, the Court concluded. *Lowery* holds that a person in custody on sentence B may contend that custody violates the Constitution if it was augmented because of an invalid sentence A.

2

*Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990) (citing *Maleng*, 490 U.S. 488; *Lowery v. Young*, 887 F.2d 1309 (7th Cir. 1989)). To obtain relief under § 2254 the prisoner must show that his current confinement violates the Constitution or laws of the United States, which only occurs if the prior judgment is not only invalid but also was used to augment the current one. *Id.* (citing *Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir.1989)). To challenge a prior conviction, therefore, a prisoner must establish a "positive and demonstrable nexus between the current custody and the prior conviction." *Lowery,* 887 F.2d at 1312 (quoting *Young v. Lynaugh*, 821 F.2d 1133, 1137 (5th Cir.1987)).

Beech meets the "in custody" requirement on his 1995 burglary conviction because that conviction was used to enhance the 2004 sentence he is currently serving. That, however, does not end the Court's inquiry. The Court must also determine if the 1995 burglary conviction is still open to direct or collateral attack in its own right. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001).

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (addressing § 2255 petitions)). The only "single exception" to this rule is where the prior conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), because the defendant was not appointed counsel. *Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006). Because the state

court record establishes that Beech was represented by counsel at all stages of the proceedings against him [DE 35 at 3], the *Gideon* exception does not apply here.

Under *Lackawanna v. Coss*, a fully expired prior conviction becomes presumptively valid and may not be challenged on federal habeas review, even when current custody has been enhanced pursuant to the prior conviction. 532 U.S. at 403-04. In this case, the state court record establishes that Beech unsuccessfully filed a direct appeal [DE 35-1], which did not raise the issue he presents in this habeas petition [DE 35-2]. Beech does not assert that he ever brought a collateral attack against his 1995 conviction, and the record does not reflect that he did so. Beech's 1995 conviction is fully expired because he was unsuccessful on appeal and failed to pursue his other available remedies as to the claim he presents here while those remedies were available to him. Accordingly, his 1995 conviction is not now subject to direct or collateral attack in its own right. *See Martin v. Deuth*, 298 F.3d 669 (7th Cir. 2002) (petitioner was precluded from obtaining habeas relief on the basis of a prior conviction used to enhance his current sentence because prior conviction was no longer open to attack in its own right and he did not allege that conviction was obtained in violation of *Gideon*).

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Beech a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted).

When a district court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Beech's petition is barred by *Lackawanna v. Coss*, which provides that a fully-expired prior conviction becomes presumptively valid and may not be challenged on federal habeas review, even when current custody has been enhanced pursuant to the prior conviction. 532 U.S. at 403-04. Nothing in Beech's petition or its attachments suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Beech a certificate of appealability.

For the foregoing reasons, the court DISMISSES this petition for writ of habeas corpus, DENIES the Petitioner a certificate of appealability, and DIRECTS the Clerk to close this case.

SO ORDERED.

ENTERED:   May 31, 2011

    /s/ JON E. DEGUILIO
Judge
United States District Court